FILED
CLERK, U.S. DISTRICT COURT

MAR - 4 2022

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MUCKTARR KATHER SEI,

Defendant.

Case No.  CR 21-00244-VAP

ORDER OF DETENTION

I.

On February 28, 2022, Defendant made his initial appearance, by consent to appear by video teleconference, on the first superseding indictment filed in this matter.  Defendant was represented by Barry F. Hammond, retained counsel. At Defendant's request, a detention hearing was continued to March 4, 2022 at 10:00 a.m.[1]

A detention hearing was held on March 4, 2022.  Defendant appeared by telephone.

☒   On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒   On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

---

[1] Counsel for Defendant also requested a continuance of the post indictment arraignment, to which the Government did not object. The Court notes that, at the initial appearance, Defendant indicated that he had been advised of his constitutional and statutory rights, authorized counsel to sign a statement stating that he had been advised of, and understood, his rights, and declined the Court's offer to read a statement of his rights. Defendant also acknowledged an understanding of the nature of the charges against him in the first superseding indictment.  Post indictment arraignment for the purpose of entering a not guilty plea, notification of the assigned district judge, and to appoint counsel for defendant was continued to the afternoon criminal duty calendar on March 4, 2022. Defendant appeared by telephone.  The Court provisionally appointed Gregory Nicolaysen, a member of the indigent defense panel, to represent Defendant.  Post Indictment Arraignment is continued to March 14, 2022 before the duty Magistrate Judge.  Counsel will be notified about the time of the hearing pending confirmation of a VTC time slot.

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also considered all the evidence adduced at the hearing and the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒      Defendant may be a dual citizen of the United States and Sierra Leone.  Defendant and his brother provided inconsistent dates regarding when Defendant had become a U.S. Citizen.

☒      insufficient bail resources.

☒      Unrebutted Presumption.

As to danger to the community:

☒      allegations in the superseding indictment identify Defendant as a participant in a conspiracy to distribute and possess with intent to distribute controlled substances and distribution of fentanyl resulting in

1    death.  The Court does not find Defendant's alleged involvement to be

2    minimal  given the number of overt acts in which he is named.

3              ☒         Unrebutted Presumption.

4

5         As noted during the hearing, the Court accepts, but declines to adopt, the

6    release recommendation of Pretrial Services in its report, noting that, unlike the

7    Court, Pretrial Services Officers do not assess the factors set forth in 18 U.S.C. §

8    3142(g), in particular, the weight of the evidence, whether a rebuttable

9    presumption applies and the potential penalty for the offense charged. 18 U.S.C. §

10   3142(g), e(2); and *Guide to Judiciary* Policy, Vol. 8: Probation and Pretrial

11   Services, § 230.   The Court also finds the bond recommendation to be insufficient

12   to provide assurance against risk of flight, given the proposed surety's income and

13   net worth.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel.  On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: March 4, 2022

                                                    /s/
                                    _____
                                    ALKA SAGAR
                                    UNITED STATES MAGISTRATE JUDGE