GREGORY NICOLAYSEN (State Bar #98544)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
P: (818) 970-7247
F: (661) 252-6023
E: gregnicolaysen@aol.com

Attorney for Defendant,
Mucktarr Kather Sei

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MUCKTARR KATHER SEI,<br><br>Defendant | Case No. 2:21-CR100244-VAP-02<br><br>MEMORANDUM IN SUPPORT OF BAIL FOR DEFENDANT MUCKTARR KATHER SEI |

DEFENDANT Mucktarr Kather Sei ("Sei") by and through his counsel of record, Gregory Nicolaysen, hereby submits this Memorandum of Points and Authorities in support of his Application for Review/Reconsideration of Order Setting Conditions of Release/Detention (PACER 89). The request is based on the Memorandum of Points and Authorities and argument which may be presented at the hearing. Defense counsel respectfully asks the Court to permit the proposed sureties, defendant Sei's parents, to attend the hearing by VTC from New Jersey, as well as Sei's partner, who resides here in the Central District.

1
2
3                                          Respectfully Submitted,
4
5  Dated: May 17, 2022                     _____/S/_____
6                                          GREGORY NICOLAYSEN
                                           Attorney for Defendant,
7                                          Mucktarr Kather Sei
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Statement of Facts

The First Superseding Indictment ("FSI") charges defendant Sei in Count One with violating 21 USC §846, 21 and USC §841 (a)(1), (b)(1)(c); Conspiracy to Distribute and the Distribution of Fentanyl Resulting in Death, respectively (PACER 64), and in Count Two with violating 21 USC 841.  The thrust of the government's case is that he was a courier for the lead defendant, Mirela Todorova.

Based on the overt acts in Count One, the timetable of the FSI covers July 17, 2020 to March 24, 2021.

Defendant Todorova was arrested on April 23,2021 (Report Commencing Criminal Action, Pacer #6).

Defendant Sei was arrested ten months later on February 26, 2022 (Report Commencing Criminal Action, Pacer #71).  He made his initial appearance before the duty magistrate on February 28, 2022 (Pacer #72).

Notwithstanding the voluminous filing made by the government under seal on May 16, 2022 in connection with this bail hearing, there is no evidence that defendant Sei engaged in any illegal drug activities of any kind after the final overt act in March 2021, or after defendant Todorova's arrest in April 2021.  There is a clear gap in the government's case covering the period from defendant Todorova's arrest in April 2021 until defendant Sei's arrest in February 2022: no evidence of any illegal conduct.

From the perspective of pretrial release, it is important to note that the evidence of Sei's involvement in illegal drug distribution is tied directly to defendant Todorova, and

when she was taken into custody, his participation came to an end.  The bottom line is that if released into the community, there is no indication that Sei would engage in any illegal drug distribution, as the government's case against him does not extend beyond the timetable of the FSI and certainly not beyond the date of Todorova's arrest.

## II. Argument

### A. Sei Does Not Pose A Danger To The Community

The government incorrectly concludes that Sei poses a danger to the community because he will continue defendant Todorova's drug trafficking activities while on bond. For the reasons stated above, the government's objections to bond are based in unsubstantiated claims, as the government's filing confirms that its case against defendant Sei is based on historical conduct that predated Todorova's arrest and which involved a courier arrangement by which Sei worked for Todorova but did not otherwise have his own independent drug trafficking operation.  Once Todorova was arrested, therefore, defendant Sei's participation in drug trafficking came to an end.  This fact is borne out by the absence of any drug trafficking conduct by defendant Sei after the timetable of the FSI or after Todorova's arrest.

In its filing, the government comprehensively cites the discovery, focusing on Sei's conduct within the charged conspiracy.   However, at a bail review hearing, evidence of guilt is not a central consideration. In fact, the Ninth Circuit has stated that the weight of the evidence is the least important of the four factors in considering bail. *USA v. Motamedi*, 767 F.2d at 1408, 1403 (9th Cir. 1985). A pretrial determination of

guilt is neither required nor permitted. *Id*. The government is supposing the evidence of alleged guilt will carry their burden of proof. As the Court knows, the government bears a heavy burden on the issue of dangerousness, which must be established by <u>clear and convincing evidence</u> that no pretrial conditions could reasonably assure the public's safety. 18 U.S.C. § 3142(f)(2)(B); *Id*. at 1406.

### B. Sei is a United States Citizen With No Ties To Sierra Leone And Does Not Pose A Flight Risk

Sei left his native country of Sierra Leone and came to the United States where he naturalized as a citizen on August 18, 2004. The government contends that Sei's inability to remember his naturalization date is cause for him to be deemed dangerous. His memory is irrelevant. What matters is that Sei is a citizen of the United States, holding a U.S. issued passport, which will be surrendered upon the posting of bond.

Moreover, as reflected in the Pretrial report submitted for the March 4, 2022 hearing, defendant Sei has no criminal history.

### C. An Affidavit Of Surety With Full Justification And Deeding Of Property Amply Mitigates Any Concerns Regarding Appearance Or Dangerousness

On March 4, 2022, Pretrial Services found that any risk of nonappearance can be mitigated by the posting of an unsecured appearance bond (PSR 5), which the Court rejected. At this time, defendant Sei proposes to the Court a secured bond in the amount of $150,000, secured by the residence of his parents, Mr. John and Mrs. Kadiatu Sei

("Mr. and Mrs. Sei"), located in South River, New Jersey. A complete bail package containing an appraisal, title report, and mortgage statement on the property has been provided to the government and Pretrial Services confirming that there is ample equity in the property to sustain the proposed bond.

The attached collection of documents supporting a secured bond establish the following dollar values:

>  Appraised market value: $475, 000
>  Current liens/mortgage: $237,500.36
>  Amount of equity:       $237,499.64

Mr. and Mrs. Sei have called the United States their home for approximately 30 years, establishing a stable life with family and friends along the east coast. Defendant Sei and his parents acknowledge they all have a close relationship, further ensuring compliance with the conditions. By placing the parents' residence at risk as collateral for pretrial release, any concerns regarding risks of nonappearance or dangerousness are amply mitigated in favor of pretrial release..

If the Court feels that location monitoring is a necessary condition to include with a secured bond, the defense will so stipulate at the hearing.

### D. Conclusion

For the abovementioned reasons defendant Sei respectfully requests that the Court vacate the previously imposed detention order and grant bail as follows: An Appearance Bond in the amount of $150,000 fully justified with deeding of property, specifically the residence of defendant Sei's parents.

Dated: May 17, 2022                                    Respectfully Submitted,


                                                       _____/S/_____
                                                       GREGORY NICOLAYSEN
                                                       Attorney for Defendant,
                                                       Mucktarr Kather Sei